Richard A. Hoyer (SBN 151931)
rhoyer@hoyerlaw.com
Ryan L. Hicks (SBN 260284)
rhicks@hoyerlaw.com
HOYER & HICKS
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
*tel* (415) 766-3539
*fax* (415) 276-1738

Attorneys for Plaintiff
YIHUI CHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YIHUI CHEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TIGERGRAPH, INC., a Delaware Corporation,<br><br>Defendant, | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff "FRANK" YIHUI CHEN (hereinafter "Chen" or "Plaintiff"), on behalf of himself and a class of all others similarly situated, files this Complaint against Defendant TIGERGRAPH, INC. ("TG" or "Defendant") and alleges as follows:

**INTRODUCTION**

1. Plaintiff YIHUI CHEN worked for Defendant TIGERGRAPH, INC. for over two years as a Software Engineer in a "full-time exempt position located in Redwood City, California." Plaintiff, along with a class of other similarly situated former employees, were terminated during a series of mass layoffs by Defendant specifically orchestrated as part of a campaign to avoid the requirements of the Federal and State laws regarding mass layoffs, specifically

COMPLAINT FOR WARN ACT VIOLATIONS 1

the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq. and Cal. Lab. Code § 1400, et seq. ("Cal-WARN"). Defendant failed to provide Plaintiff and the Putative Class Members ("PCMs") 60 days advance written notice of their terminations as required by the WARN Act.

2. Defendant violated the WARN Act by knowingly failing to give Plaintiff and the PCMs affected by the campaign of Layoffs at least 60 days prior notice of termination of their employment as required by that statute. As a consequence, Plaintiff and the PCMs are entitled to recover from Defendant, under the WARN Act, their wages and other employee benefits for up to 60 working days following the termination of their employment, which wages and benefits have not been paid.

## **PARTIES**

3. Plaintiff Chen was, at all relevant times herein, a resident of the State of California and employed by Defendant TG and based out of its Redwood City, CA headquarters.

4. Defendant TigerGraph, Inc. is a private corporation organized and existing under the laws of Delaware and having its principal place of business at 3 Twin Dolphin Dr., Suite 225, Redwood City, CA 94065.

5. According to its website Defendant "TigerGraph is a graph analytics software company that specializes in connecting data assets to deliver enterprise-level knowledge and insights. TigerGraph provides a graph AI platform that is built on the industry's first and only distributed native graph database which comes with a SQL-like query language and tightly integrates tooling and enterprise connectors to ensure data scientists and developers can design and deploy analytical solutions in weeks. TigerGraph was founded by enterprise veterans from Teradata, Twitter, Google, Oracle and IBM. The company is based in Redwood City, California, with offices in 14 countries across North America, Asia Pacific and Europe." (www.tigergraph.com/company).

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5), because this action is based on the WARN Act.

COMPLAINT FOR WARN ACT VIOLATIONS 2

7.  Venue is proper in this Court pursuant to Code of Civil Procedure section 395(a) because Defendant is located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiff's claims were committed in the San Francisco Division of this Court.

## **FACTUAL ALLEGATIONS**

8.  Plaintiff was employed by Defendant until his termination on March 7, 2023, working remotely out of Defendant's Headquarters in Redwood City, CA ("TG HQ"). According to the terms of his offer letter, Plaintiff worked as a Software Engineer in a "full-time exempt position located in Redwood City, California." Plaintiff and the PCMs were assigned to TG HQ as their home base, their work was assigned from that site of employment, and they reported to TG HQ.

9.  Defendant did not require Plaintiff or the PCMs to dedicate a particular place to perform their work, but it was often done at home.

10. Defendant did not list the home address of Plaintiff or the PCMs as TigerGraph business addresses, either online or in internal directories.

11. Defendant did not take out insurance on Plaintiff' or the PCMs' homes or cars, nor did it require that they insure them.

12. Defendant did not require that Plaintiff or the PCMs spend any time at a particular location to perform their job duties.

13. Ultimately all decisions and management of the company occurred at the company headquarters in Redwood City, CA.

14. The layoff which included Plaintiff was the fourth in a series of layoffs of PCMs by Defendant intended to evade the requirements of the WARN Act by laying off less than 50 employees (the "Layoffs") during each layoff in the series, while in aggregate laying off more than 50 employees and more than thirty-three percent (33%) of the workforce, which prior to the campaign of Layoffs totaled approximately 450.

15. The first layoff occurred on or around August 25, 2022, and included approximately 45 employees ("Aug. Layoff"). Based on information and belief, Defendant did not provide

COMPLAINT FOR WARN ACT VIOLATIONS 3

notice of the layoff to those employees affected until August 22, 2022.

16. The second layoff occurred less than ninety (90) days later on or around October 27, 2022, and included approximately 45 employees ("Oct. Layoff"). Based on information and belief, Defendant did not provide notice of the layoff to those employees affected until October 24, 2022.

17. The third layoff occurred less than ninety (90) days later on or around January 13, 2023, and included approximately 45 employees ("Jan. Layoff"). Based on information and belief, Defendant did not provide notice of the layoff to those employees affected until January 11, 2023.

18. The fourth layoff less than ninety (90) days later included Plaintiff and occurred on or around March 7, 2023, and included approximately 45 employees ("Mar. Layoff"). Defendant did not provide Plaintiff notice of the layoff to Plaintiff and those employees affected until March 6, 2023.

19. The notice Defendant provided to Plaintiff one day before his termination stated that "[d]ue to the current financial situations, TigerGraph has found it necessary to implement a workforce reduction." Based on information and belief, Defendant provided the same reasoning for the other three layoffs in the series.

20. Plaintiff seeks to represent each and every individual employed by Defendant, who were terminated during any one of the Layoffs without being provided a full sixty days' notice of their pending Layoff.

21. Also, at all pertinent times hereto, Defendant was an "employer" under the WARN Act which had more than one hundred (100) employees total who worked over a combined four thousand (4,000) hours per week prior to the Layoffs.

22. The above allegations are incorporated by reference in each and every cause of action stated below.

## **CLASS ALLEGATIONS**

23. Plaintiff brings the Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29

U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who were terminated without cause as part of one of the campaign of Layoffs beginning on or about August 25, 2022 through March 7, 2023, and within 90 days of those dates, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closing ordered by Defendant beginning on or about August 25, 2022, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

24. The persons in the Class identified above (previously defined above as "PCMs") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant, and numbers roughly in the range of one-hundred eighty (180) individuals.

25. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of Defendant.

26. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of the Defendant.

27. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

    a. whether the Class Members were employees of Defendant;

    b. whether the members of the Class were employees of the Defendant who worked at or reported to TG HQ;

    c. whether employees working remotely who are terminated as part of a series of layoffs are protected under the WARN Act;

    d. whether Defendant unlawfully terminated the employment of the members of the Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

      e.      whether Defendant unlawfully failed to pay the Class members 60 days wages and benefits as required by the WARN Act.

28. Plaintiff's claims are typical of those of the PCMs. Plaintiff, like other Class members, worked remotely for Defendant out of TG HQ and was terminated without cause within 90 days of the Layoffs beginning on or about August 25, 2022 through March 7, 2023 due to the mass Layoffs and/or plant closing ordered by Defendant.

29. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the Wage and Hour and other employment litigation.

30. On or about August 25, 2022 through March 7, 2023, Defendant terminated Plaintiff's employment as part of mass Layoffs and/or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

31. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

32. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

33. Class treatment is proper in this proceeding in order to avoid inconsistent or varying adjudications with respect to individual Class members, to conserve the judicial resources and the resources of the parties, and to provide the most efficient means of resolving the rights of all the members of the WARN Class, in particular whether remote employees are protected by the WARN Act.

34. Pursuant to Fed. R. Civ. P. 23(a), the Class meets all the requirements for class certification.

35. Class certification is also authorized by the WARN Act, 29 U.S.C. § 2104(a)(5).

## **FIRST CAUSE OF ACTION**

### **Violation of the WARN Act**

Plaintiff realleges and fully incorporates herein each and every allegation of the preceding paragraphs.

36. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

37. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs and/or plant closings at the TG HQ, and has continued to operate as a business thereafter.

38. On or about August 25, 2022, Defendant began ordering a series of mass Layoffs and/or plant closings of remote employees who worked out of and/or reported to the TG HQ, as those terms are defined by 29 U.S.C. § 2101(a)(2).

39. The mass layoffs or plant closings at the TG HQ resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at TG HQ, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

40. Defendant terminated Plaintiff and the Class members without cause on their part, as part of or as the reasonably foreseeable consequence of the mass Layoffs or plant closings ordered by Defendant at TG HQ.

41. TG HQ was the "single site of employment" for Plaintiff and all other Class Members working remotely, as that term is defined in 20 C.F.R. § 639.3 (i).

42. Plaintiff and the Class members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

43. Defendant was required by WARN to give Plaintiff and the Class members at least 60 days advance written notice of their terminations.

44. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

45. Plaintiff, and each of the Class members, are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. Defendant failed to pay Plaintiff and each to the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

47. As a result of the violation of the WARN Act, Defendant is liable to the affected employees, including but not limited to Plaintiff for attorneys' fees, full back pay and benefits for sixty days preceding the date on which a Class Member (including Plaintiff) was terminated, and this amount cannot be reduced by the amount of any unemployment benefits, severance payment, or interim earnings.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for judgment against Defendant and relief as follows:

1. Certification of this action as a class action;

2. Designation of Plaintiff as the Class Representative;

3. Appointment of Hoyer & Hicks as Class Counsel;

4. Judgment in favor of Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A)

5. Attorneys' fees in accordance with, 29 U.S.C. § 2104(a)(6);

6. Pre- and post-judgment interest, as provided by law;

7. All applicable statutory penalties arising from Defendant's unlawful conduct, as alleged herein;

8. Injunctive and declaratory relief; and

9. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims to which he has a right to jury trial.

Date: March 24, 2023

HOYER & HICKS

Richard A. Hoyer
Ryan L. Hicks
*Attorneys for Plaintiff*
FRANK YIHUI